CULPEPPER, Judge
(concurring).
In my view, there is a very serious question as to whether LSA-C.C. Article 798 provides for the loss by prescription of the unused portion of the area established by title as subject to a servitude. This article was first adopted in our Civil Code in 1825. There is no corresponding article in the French Civil Codes. According to the Louisiana Legal Archives, Pro jet of the Civil Code of 1825, page 91 (1937), the source of Article 798 is: “Domat, part I, book I, tit. 12, Sec. 6, No. 5; Toullier, Vol. 3, No. 700, page 619.” A study of these sources, particularly Toullier, shows clearly that they are speaking of the loss by prescription of a mode of exercise of a servitude and not the area of land subject to a servitude.
Furthermore, a reading of LSA-C.C. Article 798, in the context of the preceding Articles 796 and 797, indicates that all three articles are concerned with the mode of a servitude and not the area.
Nevertheless, pretermitting the question of whether LSA-C.C. Article 798 pertains to loss by prescription for nonuse of a portion of the area subject to a servitude, I agree with the majority decision that the servitude for this canal, with which we are concerned, is continuous and apparent. And I am constrained to agree that under LSA-C.C. Article 790, the time of prescription for nonuse of a continuous servitude begins “from the day any act contrary to the servitude has been committed.” Under the facts of the present case, there had been no acts obstructing the exercise of all or any part of this continuous servitude for a canal.
There is much equity in plaintiff’s position. I was the author of this court’s decision in Hanks v. Gulf States Utilities Company, La.App., 210 So.2d 345 (3rd Cir. 1968) reversed on writs 253 La. 946, 221 So.2d 249 (1969). There I discussed in detail my policy reasons for favoring the extinction by prescription of unused modes of servitudes, a relief which is clearly granted by our Civil Code. These same policy considerations apply to the extinction by prescription of the unused portion of the area subject to a servitude. Nevertheless, I am unable to find any statutory or jurisprudential support for the proposition that LSA-C.C. Article 798 applies to area. It is probably a matter which addresses itself to the legislature.
For the reasons assigned, I concur in the majority decision.